No. 31,172

Newton Klose, Alice Mathis, Ida Hedrick, Ira Thomas Klose, Lena Kane and Emma Hall, *Appellants*, v. The Missouri Pacific Railroad Company, *Appellee*.

(27 P. 2d 207.)

Opinion filed December 9, 1933.

*R. E. Angle*, of Wichita, for the appellants.

*W. P. Waggener, J. M. Challiss, O. P. May* and *B. P. Waggener*, all of Atchison, for the appellee.

The opinion of the court was delivered by

Harvey, J.: This is an action for wrongful death. The trial court sustained defendant's motion for judgment on the pleadings and the opening statement of plaintiffs' counsel. Plaintiffs have appealed.

The facts set out in the petition and opening statement may be summarized as follows: Wichita street is a north-and-south street in the city of Wichita. The defendant railroad company has a double line of tracks along the center of the street. In the block north of its intersection with Central avenue on each side of the tracks the street is paved for vehicular traffic, and there are parkings, sidewalks and residences (one apartment) facing the street. The deceased was an elderly man, slightly hard of hearing, who occupied his time and made some money picking up papers, scraps of light metal and the like, which he sold. He used a cane with a brad or sharp point with which he would pick up articles and put them in a gunny sack which he carried over his shoulder. Shortly before noon on February 5, 1931, on a clear day, he walked between two of the residences on the east side of the street westward onto the pavement of the street at a point about 100 feet north of Central avenue and then walked in a southwesterly direction across that part of the pavement east of the railroad tracks. As he did so defendant's motor car came along the street from the north on the east of its

two tracks, proceeding slowly at ten to twelve miles per hour. As the deceased neared the railroad track the motorman saw him and rang the bell and sounded a klaxon. The deceased appeared to pay no attention to him, but stepped on the track and was struck by defendant's car. He fell between the tracks, a little nearer to the west rail than to the east, and was killed. About the time deceased stepped on the track and was struck defendant's motorman applied the brakes with such force that the motor car was stopped within twenty-eight feet of the point of collision, with its brakes set so tight that it was necessary to get a locomotive to move it.

The facts as stated of course show a clear case of negligence on the part of deceased which contributed to his death. He was not crossing at an intersection, but near the center of the block. The railroad track itself was a sign of danger. The defendant's motorman properly and diligently rang the bell and sounded the klaxon. It is not contended he knew anything of the deceased's slight deafness. He had reason to suppose the deceased heard the warning bell and the klaxon. (52 C. J. 253.) The doctrine of the last clear chance is not available to plaintiffs, for the negligence of the deceased continued up to the time and place of collision. (*Goodman v. Kansas City, M. & S. Rld. Co.*, 137 Kan. 508, 511, 512, 21 P. 2d 322.)

Appellants do not seriously contend that the deceased was not guilty of negligence which brought about or contributed to his death, but plaintiffs alleged in the petition that defendant's motorman wantonly and willfully ran the motor car against the deceased, causing his death, and it is argued that when wantonness and willfulness cause injury or death contributory negligence is not a defense. In this case, however, plaintiffs pleaded and their counsel stated the facts which resulted in the death. The facts so pleaded and stated do not warrant the conclusion pleaded that defendant's motorman intended to kill the old gentleman, or that he wantonly did so, hence that allegation in the petition is an unwarranted conclusion from the facts pleaded. (See *Gilbert v. Railway Co.*, 92 Kan. 697, 142 Pac. 270.)

The result is the judgment of the court below must be affirmed. It is so ordered.

HUTCHISON, J., not sitting.